UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRODERICK J. BOYD,

                Plaintiff,

v.

MARK THOMAS QUIGLEY, et al.,

                Defendants.

Case No. 3:17-cv-05869-RJB-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by **January 26, 2018** to show cause why the complaint should not be dismissed or to file an amended complaint.

## BACKGROUND

Plaintiff is incarcerated at Pierce County Jail. He sues his assigned defense attorney Mark Thomas Quigley and the Department of Assigned Counsel (DAC). Dkt. 1. Plaintiff claims his Fifth, Sixth, and Fourteenth Amendment rights have been violated. Dkt. 1, at 1. He alleges that Mr. Quigley engaged in a range of inappropriate behaviors outside the bounds of defense counsel's professional role. Dkt. 1, at 2-3. He alleges this behavior has left him "emotionally distraught." Dkt. 1, at 3. He also alleges that the DAC "doesn't have safety mechanisms in

---

[1] Dkt. 1.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

placed [sic] to safeguard the legal well being of impoverished clients from dysfunctional, well educated attorneys with socio-pathic tendencies." Dkt. 1, at 2. He asks for a no-contact order, damages, removal of Mr. Quigley as counsel, and his removal from DAC. Dkt. 1, at 3.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, will lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff's complaint fails to state a cognizable claim against Mr. Quigley or the DAC. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that a defendant acted under color of state law. *Wood*, 879 F.2d at 587. It is well established that court-appointed defense attorneys like Mr. Quigley are not acting under color of state law when representing clients and therefore cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2002).

In addition, while Pierce County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Boyd fails to allege how the County's employees or agents acted through an official custom, pattern or policy that
ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. As such, Mr. Boyd's complaint fails to state a § 1983 claim against Mr. Quigley or the DAC.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before January 26, 2018**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1   The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
2   civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.
3   Dated this 7th day of December, 2017.

*signature*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4