UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRODERICK J. BOYD, <br><br> Plaintiff, <br> v. <br><br> MARK THOMAS QUIGLEY ET. AL., <br><br> Defendants. | Case No. C17-5869-RJB-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for <u>APRIL 20, 2018</u> |

Pro se plaintiff Broderick J. Boyd, who is currently confined at the Pierce County Jail, Tacoma, Washington, has filed a 28 U.S.C. § 1983 prisoner civil rights complaint. Dkt. 5. In his complaint, plaintiff sues his assigned defense attorney Mark Thomas Quigley and the Department of Assigned Counsel (DAC). Dkt. 5. Plaintiff claims his Fifth, Sixth, and Fourteenth Amendment rights have been violated. Dkt. 5, at 1. He alleges that Mr. Quigley engaged in a range of inappropriate behaviors outside the bounds of defense counsel's professional role. Dkt. 5, at 2-3. He alleges this behavior has left him "emotionally distraught." Dkt. 5, at 3. He also alleges that the DAC "doesn't have safety mechanisms in placed [sic] to safeguard the legal well being of impoverished clients from dysfunctional, well educated attorneys with socio-pathic tendencies." Dkt. 5, at 2. He asks for a no-contact order, damages, removal of Mr. Quigley as counsel, and his removal from DAC. Dkt. 5, at 3.

The Court declined to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to

state a claim upon which relief may be granted. Dkt. 6. However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause by January 26, 2018, why his claim should not be dismissed. Dkt. 7. Plaintiff has failed to do so.  The Court recommends that the complaint be dismissed without prejudice for failure to state a claim.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels*

REPORT AND RECOMMENDATION - 2

1  *v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged
2  wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th
3  Cir. 1985).

4      Plaintiff's complaint fails to state a cognizable claim against Mr. Quigley or the DAC. To
5  state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that a defendant acted
6  under color of state law. *Parratt*, 451 U.S. at 535; *Wood v. Ostrander*, 879 F.2d 583, 587 (9th
7  Cir. 1989). It is well established that court-appointed defense attorneys like Mr. Quigley are not
8  acting under color of state law when representing clients and therefore cannot be sued under §
9  1983. *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981); *Miranda v. Clark County*, 319 F.3d
10 465, 468 (9th Cir. 2002).

11     In addition, while Pierce County is a municipality that can be sued under § 1983, *Monell*
12 *v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Boyd fails to allege
13 how the County's employees or agents acted through an official custom, pattern or policy that
14 permits deliberate indifference to, or violates, his civil rights or that the County ratified the
15 unlawful conduct. *Monell*, 436 U.S. at 690–91. As such, Mr. Boyd's complaint fails to state a §
16 1983 claim against Mr. Quigley or the DAC.

17     The Court alerted Mr. Boyd to the deficiencies in his complaint and provided him an
18 opportunity to file an amended complaint but he has failed to do so.

## CONCLUSION

20     Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,
21 the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of*
22 *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave
23 to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was

1  given guidance and an opportunity to plead facts necessary to support his claim, but he has failed
2  to do so. Therefore the Court recommends that this action be **DISMISSED without prejudice**
3  **for failure to state a claim.**

4        This Report and Recommendation is not an appealable order. Therefore a notice of
5  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
6  assigned District Judge enters a judgment in the case. Objections, however, may be filed and
7  served upon all parties no later than **April 17, 2018.** The Clerk should note the matter for **April**
8  **20, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are
9  filed, any response is due within 14 days after being served with the objections. A party filing an
10 objection must note the matter for the Court's consideration 14 days from the date the objection
11 is filed and served. The matter will then be ready for the Court's consideration on the date the
12 response is due. The failure to timely object may affect the right to appeal.

13       Dated this 26th day of March, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4